IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-03179-REB-MJW

CORINNA PINA-BELMAREZ,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY COLORADO,
THE OFFICE OF THE WELD COUNTY CORONER/MEDICAL EXAMINER,
PATRICK C. ALLEN, M.D., in his individual capacity,
MARK WARD, in his individual capacity, and
JAMES A WILKERSON IV, M.D., in his individual capacity,

    Defendants.
_____

**MOTION FOR PARTIAL DISMISSAL OF CLAIMS**
_____

Defendants the Board of County Commissioners of Weld County, Colorado ("BOCC"), the Office of the Weld County Coroner/Medical Examiner ("WCCO"), Patrick C. Allen, Mark Ward, and James A. Wilkerson, by and through their counsel, Hall & Evans, L.L.C., respectfully submit this Motion for Partial Dismissal of Claims pursuant to Fed. R. Civ. P. 12(b)(6), and in support therefor state as follows[1]:

**INTRODUCTION**

Plaintiff fails to state a claim on which relief can be granted on each of the following claims, raised against all Defendants: (1) Violation of Fair Labor Standards

---

[1] Contemporaneously with the filing of this Motion, Defendants file a Partial Answer to Plaintiff's Complaint and a Jury Demand directed only at Plaintiff's First, Second, Third Claims for Relief on behalf of Defendants BOCC and Ward and the Fourteenth [labeled Twelfth] Claim for Relief as to all Defendants.

Act ("FLSA")–Overtime Pay Requirements, (2) Compensation Time, (3) Retaliation, (4) Violation of Colorado Wage Claim Act ("CWCA")–Overtime, (5) Violation of First Amendment Freedom of Speech, (6 & 10) Wrongful Discharge in Violation of Public Policy, (7) ADA-Hostile Work Environment; (8) ADA-Discrimination, (9) FMLA– Interference/ Retaliation, (11) Due Process under 42 U.S.C. §1983, (12) Breach of Contract, and (13) Equal Protection.

Defendants move this Court to dismiss all claims as against WCCO as an improper party; dismiss Claims 1 through 3 (FLSA) against Allen and Wilkerson as not "employers" for the purposes of the FLSA; Claims 1 through 3 as against the remaining Defendants for failure to state a claim; Claim 4 (CWCA) as to all Defendants as contrary to Colorado law; respecting all Defendants, dismiss Claim 5 for violation of free speech; Claims 6 and 10 for wrongful discharge; Claim 7 and 8 under the ADA; Claim 9 under the FMLA; and Claim 12 for breach of contract; and dismiss Claim 11 (Due Process) and Claim 13 [designated Claim 11] (Equal Protection) as to all Defendants, or in the alternative, respecting Defendants Allen, Wilkerson, and Ward in their individual capacity based on their qualified immunity.

## STATEMENT OF FACTS[2]

1) Defendant Allen was the appointed Medical Examiner/Coroner of Weld County in 2006 and served until 2010. Compl. ¶25.

2) Defendant Wilkerson was Coroner from approximately January 2011 until June 2011. *Id.* at ¶26.

---

[2] Defendants accept these facts as true for purposes of this Motion, only, at this time.

3) Defendant Ward served as Chief Deputy Coroner from May 2009 to June 2011. *Id.* at ¶27.

4) Plaintiff began her employment with BOCC and WCCO on December 9, 1993 (¶28). She was terminated on or about September 17, 2010. *Id.* at ¶38.

5) Plaintiff's employer was the BOCC. *Id.* at ¶79.

6) Plaintiff was a non-exempt employee under the FLSA. *Id.* at ¶39.

7) Under 29 U.S.C. 207(7)(o) a public agency employer is permitted to provide its employees comp time in lieu of cash payments for overtime. *Id.* at ¶68.

8) On or about June 16, 2009, BOCC paid employees working for the WCCO accumulated comp time. Plaintiff was paid $9,924.88. *Id.* at ¶85.

9) On November 30, 2009, Plaintiff signed the Compensation Time Agreement ("CTA") created by BOCC agreeing to accept comp time in lieu of overtime pay and agreed to keep her comp time hours below eighty hours. *Id.* at ¶¶80, 82, 88.

10) Medical Investigators ("MI") are paid hourly for work performed between 9:00 a.m. and 4:30 p.m., Monday through Friday ("Office Hours"). *Id.* at ¶41.

11) MIs investigate deaths occurring outside of Office Hours in two capacities: as Primary MI ("Primary") and as Backup MI ("Backup"). *Id.* at ¶¶42-43.

12) MIs are paid for investigation of a death and are not paid for inactive time during on-duty shifts, outside of Office Hours. *Id.* at ¶¶64-65.

13) On June 24–July 2, 2009, Plaintiff went on FMLA leave. *Id.* at ¶95.

14) On May 3–June 14, 2009, Plaintiff was on FMLA. Upon returning to work, Plaintiff was placed on 30 lbs. weight lifting restriction. *Id.* at ¶96.

15) On August 20, 2010, Plaintiff was placed on FMLA leave due to a work-related injury. *Id.* at ¶97.

16) On or about June 4, 2010, the WCCO circulated an amended MI job description and essential job function. *Id.* at ¶103.

17) The MI job description and essential job functions include the following: "Must be able to lift, carry, drag, or push, an average body weight of 150 to 200 lbs., both alone and with help." *Id.* at ¶104.

18) On August 6, 2010, Plaintiff suffered a work-related injury. *Id.* at ¶106.

19) Plaintiff was placed on modified duty and 25 lbs. lifting restriction. *Id.* ¶108.

## STANDARD OF REVIEW

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action .... Factual allegations must be enough to raise a right to relief above the speculative level." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 545 (2007). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. **Wright & Miller, *Fed. Prac. & Proc.*,** §1216 at 235-36 (3d ed. 2004)). The court must accept as true all well-pleaded facts and construe all

reasonable allegations in the light most favorable to the plaintiff. ***U.S. v. Colo. Supr. Ct.***, 87 F.3d 1161 (10th Cir. 1996).

"The plausibility standard is not akin to a 'probability requirement,'" but the allegations must "permit the court to infer more than the mere possibility of misconduct." ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" ***Id.*** (quoting ***Twombly***). Under ***Iqbal***, a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. ***Id.*** at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." ***Id.*** Then, the court may examine well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief." ***Id.***

## DISCUSSION

**A.    WCCO is an Improper Party and Musts be Dismissed.**

WCCO is not an entity separate from Weld County and that department cannot be a person subject to suit for violations of civil rights. *See* ***Stump v. Gates***, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd* 986 F.2d 1429 (10th Cir. 1993) (stating "Under Colorado law municipalities and counties, not their various subsidiary departments, exist as 'bodies corporate and politic' empowered to 'sue and be sued.'") (citing C.R.S. §31-15-101(1)(a), (b)). In addition, a county is not liable for the torts of its employees. *See* ***Espinoza v. O'Dell***, 633 P.2d 455, 466 (Colo. 1981). Where a plaintiff makes no claims

5

against the county in its official decision-making capacity, the pleading is deficient to raise a claim against the county or its employees. *See id.* at 467. All suits against any Colorado county must be brought against the BOCC, only. *See* C.R.S. §30-11-105; *see also* **Calahan v. Cnty. of Jeff.**, 429 P.2d 301, 302 (Colo. 1967). Federal courts apply C.R.S. §30-11-105 to dismiss claims brought against Colorado counties based on an improper designation. *See, e.g.,* **Gonzales v. Martinez**, 403 F.3d 1179, 1182 n.7 (10th Cir. 2006), *cert. denied*, 546 U.S. 1003 (2005). WCCO is not a proper Defendant in this matter and all claims against it must be dismissed based on improper designation.

**B.    Defendants Wilkerson and Allen are not "Employers" under the FLSA, and therefore, Cannot be Held Liable Under the Act.**

Allen and Wilkerson cannot be FLSA defendants, as neither is an "employer" under the FLSA. The FLSA defines an "'employer' [to include] any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency…." 29 U.S.C. §203(d). An "employer" has managerial responsibilities that give [him] substantial control of the terms and conditions of employees' work. *See* **Falk v. Brennan**, 414 U.S. 190, 195 (1973).

No allegations in the Complaint state either Wilkerson or Allen ever possessed substantial control of the terms and conditions of Plaintiff's employment. Plaintiff does not even suggest that either managed day-to-day operations, scheduled employees, tracked hours, or evaluated MIs' performances. Without managerial involvement, neither Wilkerson nor Allen can be an "employer." *See* **Falk**, *supra.* Only employers can be liable for FLSA violations. Accordingly, Wilkerson and Allen cannot be liable under the FLSA.

**C.     There is no FLSA Violation for Overtime Pay (Claim 1) as to any Defendant.**

Plaintiff's claim of FLSA overtime pay violation is conclusory and too vague to meet the ***Twombly*** standard. Paragraph 127 states Plaintiff was not paid for all hours she worked. ***Id.*** She claims she made "numerous requests" to pay her overtime. ***Id.*** at ¶128. She avers the failure to pay was a "knowing and willful violation of the FLSA" by BOCC and WCCO. ***Id.*** These statements are no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" that do not "raise a right to relief above the speculative level." ***Twombly***, 550 U.S. at 545. Specifically, Plaintiff does not reveal to whom she made the "numerous requests," what years she did so, or for what number of hours she was not paid. Compl. ¶128. Without this information, Plaintiff states no claim and no Defendant has means to defend against the FLSA claim or the assertion of willfulness and knowing violations.

**D.     Violation of FLSA-Compensation Time (Claim 2) as to any Defendants.**

Pursuant to 29 U.S.C. §207(o)(1) "a State or political subdivision of a State" can provide compensatory time off in lieu of overtime pay." ***Id.*** The Supreme Court holds a county is a political subdivision of the state under the FLSA. See ***Moreau v. Klevenhagen***, 508 U.S. 22 (1993). Accordingly, Weld County is allowed to offer comp time in lieu of overtime pay. On November 30, 2009, Plaintiff signed the CTA, expressly agreeing to accept comp time in lieu of overtime pay. Compl. ¶¶80, 82. Nowhere does she say she opted out of the CTA, making her eligible for overtime pay. No component of her claim to overtime pay survives analytical scrutiny. Her claim must be dismissed.

### E. Plaintiff Fails to Make a Claim for FLSA Retaliation (Claim 3) as to all Defendants.

Plaintiff's claim of retaliation fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Under the FLSA, an employer may not:

> (3)...discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act....

29 USCS §215(a)(3). **Kasten v. Saint-Gobain Performance Plastics Corp.**, 131 S. Ct. 1325 (2011), states, "the statute requires fair notice….[T]he phrase 'filed any complaint' contemplates some degree of formality, certainly to the point where the recipient has been given fair notice that a grievance has been lodged…." *Id.* at 1334.

Plaintiff offers the vague, conclusory statement that she "voiced concerns over the last two years regarding compensation of on-duty time and the application of the [CTA]" to Ward, WCCO and BOCC. Compl. ¶94. Nowhere does she specify instances of voicing her concerns. In basing her retaliation claim on this "complaint," Plaintiff fails to show she "filed a complaint or instituted...any proceeding" with some degree of formality. *See* **Kasten**, *supra*. In short, Plaintiff has failed to plead enough facts to state an FLSA claim for retaliation "that is plausible on its face." **Twombly**, 550 U.S. at 570. For this reason alone, Plaintiff's claim of retaliation should be dismissed.

Also, Plaintiff fails to set forth sufficient facts about the alleged retaliation to state a plausible claim. *See id.* She states she suffered retaliation from requesting payment for overtime, prior to entering the CTA, in the guise of "several work performance

8

correction notices." *Id.* at ¶139.[3] Plaintiff does not specify when the work performance correction notices were given, by whom, or what they said. *Id.* Plaintiff claims she was retaliated against by being sent home to prevent the accumulation of comp time. Compl. ¶143. Plaintiff's Complaint does not state anything in the CTA obliges WCCO to allow Plaintiff to work overtime or gives Plaintiff the ability to indefinitely accumulate overtime. She does not assert she lost pay by "being sent home." Plaintiff's allegations state no claim against any Defendant.

F.   **Violation of CWCA–Overtime (Claim 4) is Barred by Colorado Statute.**

In defining the word "employer" for purposes of the CWCA, C.R.S. §8-4-101(5) states, "the provision of this article shall not apply to the state or its agencies or entities, [or] counties...." *Id.* Thus, no county or county agency (a part of the state government) can be sued under the CWCA. A simple reading of the statute would have shown Plaintiff this was not a proper claim. The claim must be dismissed.

G.   **First Amendment Freedom of Speech (Claim 5)**

Plaintiff's First Amendment freedom of speech claim is too vague to meet the **Twombly** pleading standards. First, Defendants cannot tell who among them stands accused of violations of free speech. Plaintiff mixes the plural "Defendants" with the singular throughout this claim and offers no hint as to her target(s). *See* ¶¶152-158. Second, she never indicates what she claims she said that gave rise to anyone cutting her hours, doing excessive write ups, and terminating her. ¶156. Third, she never

---

[3] Indeed Plaintiff states she requested a cash payment for comp time in May or June 2009. Compl. ¶138. On June 16, 2009 BOCC paid her approximately $9,924.88. *Id.* at ¶¶84–85. This occurred prior to Plaintiff's agreeing to the CTA in November 2009. *Id.* at ¶80.

explains how her freedom to speak about her wages outweighs "any possible negative or disruptive impact on the Defendants' performance of public services." ¶154.  Fourth, without any elucidation, Plaintiff broadly states her speech "was not expressed during the ordinary course of her job responsibilities" (¶152).  Plaintiff's claim lacks "sufficient facts to state a claim to relief that is plausible on its face.'" **Twombly** at 570.  No such effort suffices to state a claim.

To prevail on a free speech claim, a public employee must show she was "speaking out public on a concern."  "Even if an employee does speak as a citizen on a matter of public concern, the employee's speech is not automatically privileged.  Courts balance the First Amendment interest of the employee against 'the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" **Borough of Duryea v. Guarnieri**, 131 S. Ct. 2488, 2493 (2011) (quoting **Pickering v. Bd. of Educ. of Twp. High School Dist. 205, Will Cnty.**, 391 U.S. 563, 568 (1968)).  "[Speech] concerning public affairs is more than self-expression; it is the essence of self-government." **Connick v. Myers**, 461 U.S. 138, 145 (U.S. 1983).  Here, Plaintiff does not even hint as to how her speech concerning her personal wages is not a purely private matter. **Guarnieri** at 2499.

In sum, Plaintiff's claim consists of conclusory statements and a recitation of the elements of a claim without sufficient facts to state a claim to relief that is plausible on its face. **Twombly**, 550 U.S. at 570.  The claim should be dismissed against Defendants.

## H. Wrongful Discharge in Violation of Public Policy (Claims 6 and 10)

Plaintiff's wrongful discharge claims (Claims 6 and 10) fail as a matter of law. The Colorado Governmental Immunity Act ("CGIA") provides immunity from suit to governmental entities, including counties and departments like WCCO. *See* C.R.S. §24-10-109; *see also* **Jeff. Cnty. Health Servs. Ass'n v. Feeney**, 974 P.2d 1001 (Colo. 1998). The CGIA provides six exceptions to governmental immunity (C.R.S. §24-10-106(a)-(f)). Plaintiff never claims any particular individual, the BOCC or WCCO as an entity, acted within any of the six areas where a public entity waives sovereign immunity. *See* C.R.S. §24-10-106(a)-(f); *see also* **Barham v. Scalia**, 928 P.2d 1381, 1387 (Colo. App. 1996) ((1) the operation of a motor vehicle; (2) the operation of a public hospital, correctional facility, or jail; (3) a dangerous condition of a public building; (4) a dangerous condition of a public highway, road, street or sidewalk; (5) a dangerous condition of a public hospital, jail, public facility in a park or recreation area, or public water, gas, sanitation, electrical, power or swimming facility; and, (6) the operation and maintenance of any public sanitation facility). Plaintiff's claims do not fall within any of these six exceptions to the CGIA. As a result, there is no waiver of governmental immunity under C.R.S. §24-10-106(a)-(f). Both claims referencing a "wrongful discharge" grounded in public policy must be dismissed.

## I. Americans with Disabilities Act-Hostile Work Environment (Claim Seven)

In the Complaint, Plaintiff never pleads "enough facts to state a claim for relief on an ADA claim of hostile work environment that is "plausible on its face." **Twombly**, 550

U.S. at 545, 570; see Compl. ¶¶165-171; see also **Durham v. McDonald's Rest. of Okla., Inc.**, 256 P.2d 64 (2011).

Plaintiff's claim never provides facts even suggesting how the work environment was "permeated with discriminatory intimidation and ridicule...to create an abusive working environment." Compl. ¶166. Nowhere does she reveal "the frequency of the alleged discriminatory conduct, whether it [was] physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interefere[d] with [her] work performance." See **Harris v. Forklift Sys., Inc.**, 510 U.S. 17, 23 (1993).

Plaintiff uses the singular "Defendant" to name the purported actor involved in this claim and does not tell Defendants whom among them is that alleged actor; leaving them to guess at the answer. See *id.* She never says what complaints about compensation and the CTA she made, when, and to whom (¶167); what "unwarranted discipline" occurred or when and why it was allegedly imposed, (*id.*) Plaintiff states she was scheduled for "less desirable hours" but does not set forth the hours for which she was scheduled or compare them to other employees' hours (¶168). She fails to describe the actual "increase of frequency" of discriminatory conduct or provide the number of incidents evidencing an increase (for example, were there no incidents in 2009 followed by one alleged incident in 2010 or something else?). She does not describe how her work performance suffered as a result of the alleged, undefined conduct (¶170) nor does Plaintiff give any hint as to what conduct by Defendant was unwarranted (and why) and humiliating (and why). There is nothing in the Fact Section that assists Defendants in fleshing out the claim in order to defend against it. See ¶¶79-

94. Thus, Plaintiff has failed to state a claim upon which relief can be granted respecting this ADA Hostile Work Environment against any Defendant.

**J.    Americans with Disabilities Act–Discrimination (Claim Eight).**

Plaintiff fails to make a claim for ADA Discrimination on which relief can be granted against any Defendant. To succeed on an ADA claim, Plaintiff must show: (1) she is disabled as defined by the ADA; (2) she is qualified to perform the essential functions of the job with or without reasonable accommodation; <u>and</u> (3) she suffered discrimination on the basis of her disability. ***Hennagir v. Utah Dep't of Corr.***, 587 F.3d 1255, 1261 (10th Cir. 2009) (emphasis added).

For purposes of this motion, Defendants do not deny Plaintiff was disabled. Plaintiff was not qualified to perform the essential functions of the MI position, with or without reasonable accommodation, however. The job requirements included being able to "lift, carry, drag, or push, an average body weight of 150-200 lbs., both alone and with help." Compl. ¶104. Due to two injuries suffered while lifting corpses, Plaintiff was unable to lift sufficient weight to transfer a corpse onto a gurney or transport it using a body bag without assistance. *See **id.*** ¶¶ 96, 108.

Plaintiff complains WCCO "unilaterally and intentionally amended the 'essential functions' of Plaintiff's job…." *Id.* ¶175. An employer is not required to lower its standards to accommodate an employee. *See **Henniger***, 587 F.3d at 1262. "Provided that any necessary job specification is job-related, uniformly enforced and consistent with business necessity, the employer has a right to establish what a job is and what is

required to perform it." *Id.* (quoting ***Davidson v. Am. Online, Inc.***, 337 F.3d 1179, 1191 (10th Cir. 2003)).

Plaintiff's employers had discretion to change the job specification relative to all MI's in June 2010. The lifting requirement was job-related and consistent with business necessity of the coroner's office–an MI must be able to do her job without assistance when necessary, including lifting a corpse alone. ***See id.*** The job description was changed, circulated, and uniformly enforced as to all employees on June 4, 2010, approximately two months prior to Plaintiff's injury. ***Id.*** ¶103. Plaintiff does not claim any inequitable enforcement of this specification after June 4, 2010.

The Tenth Circuit concludes "[t]hat it is unreasonable for an employee to demand identical job duties less the disputed essential job requirement, regardless of the label given to the proposed accommodation." ***Id.*** at 528. Unless Plaintiff could meet the lifting requirement, which she had proven within the previous six months she could not (Compl. ¶¶96-99, 106-108), she could not perform the essential functions of the job. She was not discriminated against based on her disability, as all MI's had to meet the physical requirement of the job. *See **id.*** at 102-104.

**K.     There is No Claim for FMLA Interference/Retaliation (Claim Nine).**

In compliance with the FMLA, Plaintiff was given FMLA leave on two separate occasions. ***Id.*** ¶¶95-97. It is true, Plaintiff exhausted her FMLA leave. She was not, however, terminated for this reason, alone. Compl. ¶112. Instead, Plaintiff was terminated because she could not perform the essential duties of an MI I. Compl. ¶100; *see also* discussion Part I regarding Eighth Claim for Relief, *supra*.

14

"Once FMLA leave is exhausted, the FMLA does not compel an employer to continue holding an employe[e]'s job open. *Krauss v. Catholic Health Initiatives Mt. Region*, 66 P.3d 195, 202 (Colo. App. 2002). In order to resume serving the public efficiently, WCCO needed to have an MI working to fulfill the functions of the job. Plaintiff had exhausted all of her personal time and FMLA leave and could not perform the essential functions of the job; therefore, BOCC was obliged to terminate Plaintiff.

**L.     There is No Claim for Violation of Due Process (Claim Eleven).**

Long standing, Supreme Court precedent makes it clear that Plaintiff has no due process claim arising from her employment or termination by a public agency. ***Bishop v. Wood***, 426 U.S. 341 (1976) states:

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies…. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error... The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Id.* at 349-50. Because there is no due process claim available to a public employee arising from her employment, this claim must be dismissed.[4]

---

[4] In the alternative, qualified immunity shields government officials sued in their individual capacities from liability for civil damages if their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). Plaintiff's failure to allege Wilkerson, Allen or Ward's personal participation in any of the alleged misconduct means she has not sufficiently alleged the violation of the rights by these Defendants. In the event the Court does not dismiss the Due Process claim under ***Bishop***, Allen, Wilkerson and Ward are entitled to qualified immunity from any individual-capacity claims. ***Pearson v. Callahan***, 129 S. Ct. 808, 817 (2009).

### M. Breach of Contract (Claim 12)

Plaintiff makes superficial allegations concerning a breach of contract against all Defendants. No such effort suffices. ***Twombly***, 550 U.S. at 570. She never specifies her allegations on an alleged breach by BOCC or WCCO. *See* Compl. ¶¶203-206. Plaintiff does not state that anything in the CTA requires any Defendant to provide Plaintiff with hours so she can accumulate unlimited comp time or never be criticized for her performance. *See* Compl. ¶205. Stated this way, Plaintiff's claim does not rise to the level of creating a "suspicion [of] a legally cognizable right of action" and should be dismissed. ***Twombly*** at 555.

### N. Plaintiff's Equal Protection Claim is Precluded (Claim 13 [marked as 11]).

Plaintiff's claim of violation of equal protection must be dismissed. The Supreme Court has ruled that public employees do not have an equal protection claim arising from alleged differential treatment by their employers. *See **Engquist v. Or. Dep't of Agric.***, 553 U.S. 591 (2008) (holding "class of one" theory does not apply in public employee context). ***Engquist*** states:

> [T]he Court is guided, as in the past, by the "common-sense realization that government offices could not function if every employment decision became a constitutional matter." ***Connick*** [***v. Myers***, 461 U.S. 138,] 143 (1983). If class-of-one claims were recognized in the employment context, any personnel action in which a wronged employee can conjure up a claim of differential treatment would suddenly become the basis for a federal constitutional claim.

*Id.* at 599.  Plaintiff's equal protection claim is just the type of claim the Supreme Court meant to eliminate in **Engquist**.  It is a personnel claim arising from alleged differential treatment by an employee of a public employer.  The Court must dismiss this claim.[5]

**O.      Punitive Damages are not Available under the CWCA or FLSA.**

In the event the Court allows the CWCA claim, Plaintiff cannot obtain exemplary or punitive damages against any Defendant.  Governmental entities are not subject to punitive damages.  **City of Canton**, 489 U.S. 378 (1989).  In addition, no punitive damages are allowed by the FLSA.  The Act provides only for liquidated damages in an amount equal to actual damages.  29 U.S.C.§216(b).

WHEREFORE, Defendants move this Court to dismiss all claims as against WCCO as an improper party; dismiss Claims 1 through 3 (FLSA) against Allen and Wilkerson as not "employers" for the purposes of the FLSA; Claims 1 through 3 as against the remaining Defendants for failure to state a claim; Claim 4 (CWCA) as to all Defendants as contrary to Colorado law; and respecting all Defendants, dismiss Claim 5 for violation of free speech; Claims 6 and 10 for wrongful discharge; Claim 7 and 8 under the ADA; Claim 9 under the FMLA; and Claim 12 for breach of contract; and dismiss Claim 11 (Due Process) and Claim 13 [designated as Claim 11] (Equal Protection) as to all Defendants, or in the alternative, respecting Defendants Allen,

---

[5] In the alternative, qualified immunity shields government officials sued in their individual capacities from liability for civil damages if their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982).  Plaintiff's failure to allege Wilkerson or Allen's personal participation in any of the alleged misconduct means she has not sufficiently alleged the violation of the rights by either Defendant. In the event the Court does not dismiss the Equal Protection claim under **Engquist**, Allen, Wilkerson, and Ward are entitled to qualified immunity from any individual-capacity claims.  **Pearson v. Callahan**, 129 S. Ct. 808, 817 (2009).

Wilkerson and Ward in their individual capacity based on their qualified immunity.

Dated this ___ day of _____ 2012.

Respectfully submitted,

s/ Susan F. Fisher
Thomas J. Lyons, Esq.
Susan F. Fisher, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202
Telephone    303-628-3300
Email          lyonst@hallevans.com
                  fishers@hallevans.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 30th day of January 2012, I electronically filed the foregoing **MOTION FOR PARTIAL DISMISSAL OF CLAIMS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert J. Herrera, Esq.
Hagen & Melusky, Inc.
1613 Pelican Lakes Point
Suite B, Lower Level
Windsor, CO 80550
Robert@h-mlegal.com

and hereby certify I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

Defendants:
Brad Yatabe, Weld County Attorney's Office (via email)

s/ Rhonda M. Lipscomb, secretary to
Thomas J. Lyons, Esq.
Susan F. Fisher, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202
Telephone   303-628-3300
Facsimile   303-628-3368
Email   lyonst@hallevans.com
        fishers@hallevans.com
**ATTORNEYS FOR DEFENDANTS**
