## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 11-cv-03179-REB-MJW

CORINNA PINA-BELMAREZ,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY COLORADO,
THE OFFICE OF THE WELD COUNTY CORNER/MEDICAL EXAMINER,
PATRICK C. ALLEN, M.D., in his individual capacity,
MARK WARD, in his individual capacity, and
JAMES A. WILKERSON IV, M.D., in his individual capacity,

    Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE

**Blackburn, J.**

Before me is **Defendants' Motion to Consolidate** [#35][1] filed March 21, 2012. Defendant seeks to consolidate this case with ***Robillard v. Board of County Commissioners of Weld County, Colorado, et al.***, Civil Case No. 1:11-cv-03180-PAB-KMT. As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the issue of whether to consolidate these cases falls to me for determination. **See D.C.COLO.LCivR** 42.1. I deny the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]"

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

FED. R. CIV. P. 42(a)(2).  The purpose of the rule is to allow the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.,*** 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).

The moving party has the burden to prove that consolidation in warranted. ***Shump v. Balka***, 573 F.2d 1341, 1344 (10th Cir. 1978).  The mere fact that a defendant has been sued in separate cases involving similar subject matter does not require a court grant a motion to consolidate, ***American Empire Insurance Co. v. King Resources Co.***, 545 F.2d 1265, 1269-70 (10th Cir. 1976), and the court should not consolidate cases when confusion or prejudice may result, ***St. Paul Fire & Marine Insurance Co. v. King***, 45 F.R.D. 519, 520 (W.D. Okla. 1968).  The ultimate decision whether to consolidate cases is committed to the sound discretion of the trial court. ***Shump***, 573 F.2d at 1344.

Defendants have failed to carry its burden to prove that consolidation would promote a just or efficient result in these cases.  I am not convinced that the existence of some common issues of law between these two cases is sufficient to overcome the factual differences between the individual circumstances of the two plaintiffs.  The mere fact that consolidation might prove convenient for a defendant that finds itself subject to similar claims provides no reasoned or dispositive justification for consolidation. ***See American Empire Insurance Co.***, 545 F.2d at 1269 (denying consolidation where

"[t]he only common denominator involved in the complexities and interrelationships of the various proceedings is [the moving party's] involvement").

Accordingly, I find and conclude that consolidation of these matters is unwarranted and inappropriate. *See, e.g.*, ***Kirzhner v. Silverstein***, 2011 WL 3568265 at *2 (D. Colo. Aug. 15, 2011); ***American Family Mutual Insurance Co. v. Haslam***, 2011 WL 3568240 at *3 (D. Colo. Aug. 12, 2011).

**THEREFORE IT IS ORDERED** that **Defendants' Motion to Consolidate** [#35] filed March 21, 2012, is **DENIED**.

Dated May 1, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3