IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 11-cv-03179-REB-MJW

CORINNA PINA-BELMAREZ,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY COLORADO,
THE OFFICE OF THE WELD COUNTY CORNER/MEDICAL EXAMINER,
PATRICK C. ALLEN, M.D., in his individual capacity,
MARK WARD, in his individual capacity, and
JAMES A. WILKERSON IV, M.D., in his individual capacity,

    Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before is defendants' **Motion for Summary Judgment** [#50],[1] filed November 30, 2012. I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). Having reviewed the motion and response and the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact that are not appropriate for summary resolution.[2]

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The sole legal issue presented by the motion – whether the Office of the Weld County Coroner/Medical Examiner and the individual defendants are entities capable of being sued – has no more probative force now than when it was presented in defendants' motion to dismiss. As I said in rejecting that argument previously, defendants' arguments are premised on concepts which assist in determining whether parties are "persons" subject to suit under 42 U.S.C. § 1983, principles which have no obvious application in the context of the claims brought here. (*See* **Order Re: Motion for Partial Dismissal of**

**THEREFORE, IT IS ORDERED** that defendants' **Motion for Summary Judgment** [#50], filed November 30, 2012, is **DENIED**.

Dated January 9, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

**Claims** at 13-14 [#39], filed July 19, 2012.)  Defendants' citations to portions of the Weld County Home Rule Charter outlining the authority of the Board of County Commissioners to sue and be sued – but inexplicably excluding those portions that detail the authority and responsibilities of the Country Coroner – add no further force to their arguments.

Instead, it strikes this court that a more salient inquiry in this case would focus on who qualifies as plaintiff's employer for purposes of her employment law claims, but because the motion does not raise that issue, I decline to address it further.